FILED
United States Court of Appeals
Tenth Circuit

August 27, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WAHID ASH-SHAHID, f/k/a James
Nance,

      Petitioner - Appellant,

v.

RAY ROBERTS, Secretary of
Corrections,

      Respondent - Appellee.

No. 13-3141
(D.C. No. 5:13-CV-03065-SAC)
(D. Kansas)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Applicant Wahid Ash-Shahid, a Kansas state prisoner, applied for relief

under 28 U.S.C. § 2241 in the United States District Court for the District of

Kansas. The district court denied the application. Applicant now seeks a

certificate of appealability (COA) from this court so that he may appeal the

district court's decision. *See Montez v. McKinna*, 208 F.3d 862, 868–69 (10th

Cir. 2000) (requiring a COA to appeal dismissal of habeas application brought by

state prisoner under 28 U.S.C. § 2241). We deny a COA and dismiss the appeal.

Applicant is serving consecutive sentences for several state felonies. After

15 years, he became eligible for parole on his first sentence. He filed suit in state

court, alleging that once he became eligible for parole on his first sentence, Kansas law required that the first sentence be terminated and that his remaining prison term count exclusively toward his second sentence. The state trial court denied the claim, the Kansas Court of Appeals affirmed, and the Kansas Supreme Court denied Applicant's petition for review. On April 9, 2013, Applicant filed a § 2241 application alleging that once he became eligible for parole on his first sentence, Kansas law required that the first sentence be terminated and his remaining prison term count toward his second sentence. The district court ordered that Applicant show cause why his application should not be denied for failure to present a federal claim. *See* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."). Applicant responded that the Kansas Department of Correction's failure to terminate his first sentence was improper under Kansas statutes and case law. The district court dismissed the application.

We construe Applicant's request for a COA liberally because he proceeds pro se. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in

a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

Reasonable jurists would not debate the district court's dismissal of the application. It is well-settled that errors of state law do not merit federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). The district court correctly determined that Applicant had not alleged that he was "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). His application vaguely stated that the failure to terminate his first sentence violated his right to due process. But the essence of his ground for relief was the violation of state law, and his response to the order to show cause was based exclusively on state statutes and cases.

We DENY a COA and DISMISS the appeal. Applicant's motion to proceed *in forma pauperis* is GRANTED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-3-